IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JESSICA GAUL, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACCURA HEALTH VENTURES, LLC; AMERICAN HEALTHCARE MANAGEMENT SERVICES, LLC d/b/a Accura Healthcare Management Services; ACCURA HEALTHCARE HOLDINGS LLC; and AMERICAN HEALTHCARE ASSOCIATES, INC. d/b/a Accura Healthcare of Iowa,<br><br>Defendants. | Case No. 4:22-cv-00154-SHL-HCA<br><br>**ORDER GRANTING UNRESISTED MOTION TO APPROVE SETTLEMENT AGREEMENT** |

Plaintiff brought a putative collective action against Defendants, alleging violations of the Fair Labor Standards Act (the "FLSA"). After over two years of litigation, the parties seek the Court's approval of an agreement to settle Plaintiff's collective actions claims. (ECF 60.) The Court concludes the case involved a bona fide dispute and the settlement is fair and equitable. The Court therefore GRANTS Plaintiff's Unresisted Motion to Approve Settlement Agreement.

**I. ANALYSIS.**

Prior to approving the settlement of FLSA claims, the Court must determine whether (1) the case involved a "bona fide dispute," and (2) the proposed settlement is "fair and equitable." *Guy v. DMG Installations, Inc.*, No. 4:20-CV-00331-SBJ, 2021 WL 4973251, at *4 (S.D. Iowa Oct. 22, 2021).[1] As to the first requirement, the parties have litigated this case for over two years, including through summary judgment and conditional certification. The case clearly involves a bona fide dispute.

To determine whether a proposed settlement is fair and equitable, courts "consider a broad array of factors." *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y*, No. 3:16-CV-

---

[1] *See also Meller v. Bank of the W.*, No. 3:18-CV-00033-JAJ-SBJ, 2018 WL 5305562, at *8 (S.D. Iowa Sept. 10, 2018), *report and recommendation adopted*, No. 3:18-CV-00033-JAJ, 2018 WL 5305556 (S.D. Iowa Oct. 1, 2018) (same); *Hansen v. Per Mar Sec. Servs.*, No. 3:12-CV-00113-RAW, 2013 WL 12310935, at *2 (S.D. Iowa May 15, 2013) (same).

00026, 2017 WL 821656, at *4 (S.D. Iowa Jan. 10, 2017) (quoting *Loseke v. Depalma Hotel Corp.*, No. 4:13-CV-3191, 2014 WL 3700904, at *1–2 (D. Neb. July 24, 2014)). These factors include:

1. The amount of overtime to which class members may be entitled;
2. Whether the employee initiated the claim in a lawsuit;
3. Whether the employee is represented by counsel;
4. Whether the employer appears to be able to exercise undue leverage or influence over the employee;
5. How close to full compensation of the employee's claim is the proposed settlement;
6. Whether the settlement includes or excludes liquidated damages and/or the employee's attorney's fees and expenses;
7. Whether the proposed settlement requires the employee to release other non-FLSA claims or places other restrictions on the employee in order to receive FLSA compensation;
8. The extent of discovery that has taken place;
9. The stage of the proceedings, including the complexity, expense and likely duration of the litigation;
10. The extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;
11. The absence of fraud or collusion in the settlement;
12. Whether the settlement agreement is the product of arm's-length bargaining; and
13. The experience of counsel who have represented the plaintiffs.

*Loseke*, 2014 WL 3700904, at *1–2; *Lewis-Ramsey*, 2017 WL 821656, at *4. The Court must consider these factors in the context of the parties' proposed settlement agreement, which the parties provided the Court for review. (ECF 60-2.)

Pursuant to the agreement, Defendants will create a settlement fund to pay collective class member benefits, attorneys' fees and costs (including the cost of the Settlement Administrator), and an award to the Named Plaintiff for her participation in this case. (Id., p. 4.) After the Court approves the settlement agreement, the Settlement Administrator will mail a notice of settlement and settlement checks to all class members. (Id., p. 5.) In exchange for these payments, the class members agree to release all "Released Claims" against the "Releasees." (Id., p. 3.) The Released Claims include claims for damages under the FLSA, state wage and hour laws, and common law causes of action. (Id.) The Releasees includes Defendant American Healthcare Management Services, LLC (d/b/a Accura Healthcare Management Services) and its affiliates. (Id., p. 2.)

Counsel for both sides appear to be experienced and competent, and there is no evidence of fraud or collusion in the settlement; to the contrary, the settlement is the product of arms-length bargaining. For this reason, among others, the Court concludes the settlement agreement is fair and equitable and is "not a mere waiver of statutory rights by employees or overreaching by

employers." *Guy*, 2021 WL 4973251, at *6 (approving FLSA settlement); *see also Hansen v. Per Mar Sec. Servs.*, No. 3:12-CV-00113-RAW, 2013 WL 12310935, at *2 (S.D. Iowa May 15, 2013) (approving FLSA settlement when, *inter alia*, "[n]o fraud or collusion [was] evident," the case "was vigorously pursued on both sides," and "Plaintiffs' counsel are experienced wage and hour litigators").

The Court further finds that Named Plaintiff Jessica Gaul's incentive award for her work as the named plaintiff is reasonable. An incentive payment is appropriate given Gaul's "time and effort devoted in pursuing the present litigation." *Wineland v. Casey's Gen. Stores, Inc.*, 267 F.R.D. 669, 677 (S.D. Iowa 2009).

Finally, the Court need not review "settled attorney fees" agreed to in connection with a settlement of FLSA claims. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("[W]e agree with Barbee that any authority for judicial approval of FLSA settlements in 29 U.S.C. § 216 does not extend to review of settled attorney fees."). The Court does, however, "retain the authority to ensure the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client." *Id*. at 1027 n.1; *see also Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 853 (8th Cir. 2021) (same). Here, the parties "separately negotiated [fees] to a mutually agreeable resolution." (ECF 60-1, p. 18.) The Court is unaware of any conflict of interest between class members and class counsel.

## II. CONCLUSION.

The Court concludes the case involves a bona fide dispute, and the proposed settlement agreement is fair and equitable. The Court therefore GRANTS Plaintiff's Unresisted Motion to Approve Settlement Agreement. (ECF 60.) The parties shall file a joint stipulated notice of dismissal after settlement has been finalized.

**IT IS SO ORDERED.**

Dated: November 12, 2024

_____
Stephen H. Locher
UNITED STATES DISTRICT JUDGE